IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT

2008 NOV -4 P 12: 15

CLERK

RUSSELL J. ELLICOTT,

 Plaintiff,

v.

MICHAEL O. LEAVITT, Secretary
of the United States Department
of Health and Human Services,

 Defendant.

CIVIL ACTION NO.
CV 107-088

O R D E R

Plaintiff, proceeding pro se, filed the captioned case seeking judicial review of Defendant's decision to exclude him from participating in Medicare, Medicaid, and all Federal health care programs for a period of ten years pursuant to § 1128(a)(1) of the Social Security Act, 42 U.S.C. § 1320a-7(a)(1). Defendant, the Secretary of the United States Department of Health and Human Services, has filed a motion to dismiss the case, or in the alternative, for summary judgment. The Clerk has given Plaintiff notice of the summary judgment motion and the summary judgment rules, of the right to file affidavits or other materials in opposition, and of the consequences of default. (Doc. No. 8.) Therefore, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825

(11th Cir. 1985) (per curiam), are satisfied. For the reasons stated herein, Defendant's motion for summary judgment is **GRANTED**.

## I. BACKGROUND[1]

Plaintiff was a podiatrist practicing in Richmond County, Georgia. On July 12, 2005, Plaintiff pleaded guilty to four counts of violating the Medicare Provider Care Agreement in violation of 42 U.S.C. § 1320a-7b(e). The information to which he pleaded guilty charged that from January of 1997 through June of 2002, Plaintiff submitted claims to Medicare using treatment codes that represented a higher level of care than the care that he actually provided. More specifically, Plaintiff billed for debridement of toenails when he had not filed or reduced the whole toenail through its entire thickness. Based of this billing practice, Plaintiff received payments from Medicare in excess of the amount that Medicare would have remitted had he used the proper treatment codes.

On October 25, 2005, the United States Magistrate Judge sentenced Plaintiff to four years probation and ordered payment of a $20,000 fine, a $40 special assessment, and restitution in the amount of $113,101.

---

[1] The Court takes judicial notice of the facts pertaining to Plaintiff's conviction in Criminal Case Number 105-085 in the Southern District of Georgia through its own docket.

2

Based upon this conviction, Defendant's Office of Inspector General ("OIG") notified Plaintiff that he was being excluded from participation in Medicare, Medicaid, and all Federal health care programs as defined in 42 U.S.C. § 1320a-7b(f) of the Social Security Act (the "Act") for a period of ten years. (Pl.'s Ex. 14.) The OIG based this exclusion upon § 1128(a)(1) of the Act, which provides that the Secretary shall so exclude "[a]ny individual or entity that has been convicted of a criminal offense related to the delivery of an item or service under subchapter XVIII of this chapter or under any State health care program." 42 U.S.C. § 1320a-7(a)(1). (See id.) Title XVIII of the Act is the Medicare program.

Plaintiff requested a review of this exclusion before an Administrative Law Judge ("ALJ") by letter dated June 26, 2006. (Pl.'s Ex. 16.) On January 10, 2007, the ALJ issued a decision upholding the OIG's determination to exclude Plaintiff. (Admin. R.[2] at 1-13.) On April 21, 2007, the Appellate Division of the Departmental Appeals Board summarily affirmed the ALJ's decision (id. at 14-15), and the ALJ's

---

[2] The referenced Administrative Record (or "Admin. R.") is a certified copy of the "Administrative Record Before the Department of Health and Human Services Departmental Appeal Board," which was submitted as an exhibit to the Secretary's motion to dismiss or, in the alternative, motion for summary judgment. The Administrative Record was sealed by Order an dated October 23, 2008.

3

decision became the final decision of the Secretary. Plaintiff filed the instant complaint seeking judicial review of the Secretary's final decision.

## II. LEGAL ANALYSIS

The Court should grant summary judgment only if "there is no genuine issue as to any material fact and . . . the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court's review in this case, however, is statutorily limited to a determination of whether the Secretary's decision is supported by substantial evidence and whether the Secretary applied the correct law. See 42 U.S.C. §§ 405(g) and 1320a-7(f)(1).

In upholding the OIG's decision to exclude Plaintiff, the ALJ determined that the essential elements to support an exclusion were met: (1) Plaintiff was convicted of a criminal offense, and (2) the criminal offense was related to the delivery of an item or service under the Medicare or state health care program. (Admin. R. at 6.)

Here, Plaintiff does not challenge the fact of his conviction. Rather, he complains that his conduct does not qualify him for the § 1128(a)(1) exclusion because his conviction is not "related to the delivery of an item or service" under the Medicare program. Thus, the Court must

determine whether the Secretary's application of the § 1128(a)(1) exclusion to Plaintiff's conviction was legally correct and supported by substantial evidence.[3]

With respect to this second essential finding, the ALJ explains that the criminal conduct underlying Plaintiff's conviction, as demonstrated by the Plea Agreement, relates to the provision of services under Medicare. More specifically, Plaintiff charged Medicare, in violation of his Medicare Agreement, using billing codes for more expensive procedures than those he actually performed. The ALJ refers to this criminal practice as "up-coding." (Admin. R. at 7.)

The ALJ then carefully explains Plaintiff's objections to application of the exclusion. Plaintiff's first objection involves his opinion that the podiatric procedure required by Medicare to support the billings he submitted were medically improper - perhaps even harmful or dangerous to the patients. Plaintiff's second objection involves his opinion that he was the target of selective prosecution because he was indicted after he complained to Congressman Charles Norwood about the faulty billing code. Plaintiff's third objection involves an attack against his criminal defense counsel, wherein he

---

[3] Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).

5

accuses counsel of poor lawyering.[4] (Id. at 7-9.) The ALJ calls these objections "speculative defenses to the criminal charges themselves." (Id. at 9.) The ALJ concludes that Plaintiff cannot "abjure or disavow" his guilty plea which involved facts that satisfy the essential elements of a § 1128(a)(1) exclusion. (Id. at 10.)

In his complaint seeking judicial review as well as in his papers in opposition to the Secretary's dispositive motion, Plaintiff takes issue with the ALJ's reliance on the Plea Agreement and Plea Summary as the basis of his finding that Plaintiff's criminal offense is related to the delivery of a health care service under Medicare.

It appears that Plaintiff's argument is twofold. First, Plaintiff reminds the Court that he pleaded guilty to violating his Medicare Agreement; thus, the ALJ's equation of this violation with § 1128(a)(1) conduct of providing a Medicare service is not justified. Indeed, Plaintiff contends that a jury should decide whether the charged criminal conduct of violating his Medicare Agreement constitutes the provision of a Medicare service under § 1128(a)(1).

Plaintiff's argument in this regard is wholly without

---

[4] As pointed out by the ALJ, Plaintiff's criminal defense attorney was able to plead down a 181 count felony indictment to a 4 count misdemeanor information. (Admin. R. at 9.)

merit. Plaintiff ignores the fact that he violated his Medicare Agreement *by billing for services that he did not perform.* Specifically, Plaintiff billed for toenail debridement, or the filing or reducing of the whole toenail through its entire thickness, even though he did not perform this procedure. Toenail debridement is a service under the Medicare program. Plaintiff admitted that he billed for this service. The billing for this service violated his Medicare Agreement. Plaintiff pleaded guilty to all of this conduct; thus, the evidentiary support for the Secretary's exclusion is plain on the face of the signed Plea Agreement. Accordingly, I find that there is substantial evidence to support the ALJ's conclusion that the second element of § 1128(a)(1) has been met by the facts underlying Plaintiff's plea of guilty. I further find that this conclusion is a correct application of the law. See <u>In re: Julius Williams, III</u>, DAB CR 1464, 2006 WL 2037472 (Dep't of H.H.S., June 22, 2006) (finding that Petitioner's conviction for health care fraud was related to the provision of services under Medicaid because Petitioner had devised a scheme to defraud Medicaid through the submission of false billings); <u>In re: Gustavo Enrique Coll, M.D.</u>, DAB CR 1253, 2004 WL 2782556 (Dep't of H.H.S., Nov. 26, 2004) ("It is well-established that filing of false claims against Medicare ["up-coding"] constitutes a criminal offense

that is related to the delivery of a Medicare item or service."); In re: Andrew Anello, DAB 1803, 2001 WL 1688384 (Dep't of H.H.S., Dec. 12, 2001) (stating that the ALJ need only find a "nexus or common sense connection between [a] conviction and the delivery of a health care item or service under a covered program").

Plaintiff's second argument, though he consistently maintains he is not doing so, amounts to a collateral attack on his conviction. Succinctly put, Plaintiff complains throughout his papers that his conviction was unlawful. Plaintiff's allegations on this point are best described in his own words:

> Plaintiff's criminal "conviction" is by no means "related to" any "item or service" "under title XVIII of the Act (Medicare) or any state health care program" because the procedure (i.e. "item or service") stated in [the Plea Agreement and Plea Summary] is unlawful.

(Compl. at 15.) The "procedure" to which Plaintiff refers to as "unlawful" is "toenail debridement," which is defined in the Plea Agreement as the filing or reducing of the whole toenail through its entire thickness. Plaintiff admits that he billed for this procedure without having completely removed the toenail. However, Plaintiff complains that he was compelled to bill for toenail debridement as defined because Georgia's Medicare policy required the use of this code for billing purposes. Plaintiff explains that had he actually

8

performed a toenail debridement as described and billed, he would have done so at great pain and trauma to the patient.

Plaintiff complains that the ALJ overlooked his evidence that no responsible podiatrist would perform a toenail debridement as defined. He explains "that removing an entire toenail with or without anesthesia is not a toenail debridement, that the procedure Georgia Medicare created is unethical and malpractice, and that procedure is really a procedure that most people would consider torture." (Pl.'s Opp'n to Def.'s Mot. for Summ. J., at 10.) Plaintiff contends that because the Secretary and the ALJ realized that he is right about the faulty Medicare billing requirement, they have choosen to ignore the evidence and rely solely upon the Plea Agreement.

Plaintiff's attack on the Georgia Medicare policy as it relates to billing for toenail debridement should have been made to a jury at a trial on his criminal charges. Plaintiff's justification for his billing method may have mattered to a jury when it assessed whether Plaintiff was culpable for billing for toenail debridements that he did not perform. It matters not to this Court in assessing whether there is substantial evidence that he was convicted of a criminal offense that related to the delivery of a Medicare service. Indeed, any argument or evidence that tends to

9

undermine or mitigate against the criminal conviction is not properly presented in an appeal from a § 1128(a)(1) exclusion. See 42 C.F.R. § 1001.2007(d) ("When the exclusion is based on the existence of a criminal conviction . . . the basis for the underlying conviction . . . is not reviewable and the individual or entity may not collaterally attack it either on substantive or procedural grounds in this appeal."); see also Travers v. Sullivan, 801 F. Supp. 394, 403 (E.D. Wash. 1992) (explaining that a judicial review of a § 1128(a)(1) exclusion "does not necessitate, nor would it be proper, to reevaluate the underlying facts which gave rise to the conviction."). Accordingly, this Court concludes, as the ALJ did, that any evidence pertaining to the legality of the Georgia Medicare policy for toenail debridement billing is irrelevant in this case.

### III.   CONCLUSION

Upon the foregoing, the Court has determined that the ALJ's decision to uphold the Secretary's exclusion of Plaintiff from Medicare, Medicaid, and related programs is supported by substantial evidence and is a correct application of the law. Accordingly, Defendant's motion for summary judgment is **GRANTED**. The Clerk is directed to **ENTER JUDGMENT** in favor of Defendant and **CLOSE** this case. Costs are assessed

against Plaintiff.

**ORDER ENTERED** at Augusta, Georgia, this 4th day of November, 2008.

_____
UNITED STATES DISTRICT JUDGE